UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

DAVID SOLOMON, :
    Plaintiff, :
     : cv __18-5528__
v. :
     :
AMAZON.COM, INC., :
WHOLE FOODS MARKET, INC., :
JAY WARREN, :
JANE DOE, :
    Defendants : OCTOBER 2, 2018

## COMPLAINT

1.  This is an action for defamation and for intentional spoliation or negligent spoliation of evidence against two corporations, the corporation's lawyer, and an unknown Jane Doe, whose identity and whereabouts are unknown. The claims are brought by a man falsely accused by a Whole Foods Market, Inc., of sexually harassing a fellow customer at the Whole Foods Store in Jericho, New York. The exact date of the false accusation is unknown.

2.  The plaintiff claims jurisdiction of this court as a matter of the court's diversity jurisdiction. Venue is appropriate as the Jericho facility of the Whole Foods Market, Inc., is located in the Eastern District of New York.

3.  The plaintiff was at all times relevant to this action an adult resident of the State of Florida and a frequent visitor to the State of New York, where he was caring for his elderly and infirm mother and attending to her affairs in the wake of her death.

4.  Defendant Amazon.com, Inc., was at all times relevant to this action, a corporation organized and operating under the laws of the State of Washington. Its

corporate headquarters are located at 410 Terry Avenue North, Seattle, Washington 98109. Amazon.com, Inc., owns and operated Whole Foods Market, Inc., a national chain of general grocery stores.

5. Defendant Whole Foods Markets, Inc., is a national chain of general grocery stores open to serving the general public. It is wholly owned by Amazon.com, Inc, and maintains corporate headquarters at 550 Bowie Street, Austin, Texas 78703. Whole Foods Market, Inc., maintains a store operating in the municipality of Jericho, New York.

6. Defendant Jay Warren is Global Litigation Counsel for Whole Foods Market, Inc., and maintains an office in Austin, Texas.

7. Upon information and belief, Jane Doe is a sometime customer of the Jericho Whole Foods store. Her residence and identity are unknown.

8. On November 9, 2017, the plaintiff received a trespass notice signed by Jay Warren, Global Litigation Counsel for Whole Foods Market, Inc., in Austin, Texas, informing him that he was no longer welcome to shop or enter any Whole Foods store or regional office. This was due, the letter claimed, to his "action and interactions without our customers." The letter then informed the plaintiff that if he believed he was received the trespass notice in error, he could contact Jay Warren, and Jay Warren only, and only by means of the telephone number and email address on the notice.

9. The plaintiff made immediate efforts to contact Defendant Warren as he was unaware of having engaged in any conduct warranting a notice of this sort.

He attempted to contact Defendant Warren repeatedly from November 9, 2017 until November 29, 2017.

10. In an email dated November 29, 2017, sent to Defendant Warren, the plaintiff told Defendant Warren that he believed the notice originated in complaints by a female customer who told the Jericho store manager that the plaintiff had commented about her shoes and that another female customer complained that the plaintiff had sat at a table near her in an area open to the public for dining. In another instance, the plaintiff told Defendant Warren he was aware that certain cashiers had complained about comments the plaintiff made to them while in the checkout line.

11. The plaintiff informed Defendant Warren that the alleged comments either reflected entirely innocent conduct, or had not been made, and were potentially defamatory. The plaintiff asked Defendant Warren to reconsider the trespass notice. The plaintiff also informed Defendant Warren that the plaintiff had been a regular customer of the Jericho store and another Whole Foods location for the 12 preceding years.

12. On or about December 1, 2017, the plaintiff did, in fact, communicate with Attorney Warren on the telephone. In this telephonic communication, the plaintiff learned for the first time that a certain Jane Doe, whose identity is unknown, reportedly told a representative of Whole Foods that the plaintiff has made a comment to her in the Jericho store, to wit: "I would like to stick my dick in your pussy." Defendant Warren also told the plaintiff that two women complained that the plaintiff had stalked them while on Whole Food premises.

13. The plaintiff, who is trained as a lawyer but does not now practice law, denied making the comment, or any comment similar to it. He also denied stalking anyone at any time. He communicated both denials to Defendant Warren on the telephone, then followed up later in the day with an email of December 1, 2017, denying the allegations.

14. Defendant Warren told the plaintiff that if the untruthfulness of the allegations against the plaintiff were proven, then Whole Foods would lift its trespass notice.

15. In one of the emails he sent to Defendant Warren on December 1, 2017, the plaintiff put defendant Warren and the other defendants on notice of potential litigation designed and intended to clear his name. Defendant Warren acknowledged receipt of the email.

16. On December 4, 2017, the plaintiff sent an email to Defendant Warren requesting the preservation of any and all in-store videos purporting to capture images of the plaintiff in the Jericho store interacting with any of the women who had alleged complained against him.

17. Defendant Warren responded by claiming, in an email, that he did not know the dates of every complaint, and that he therefore could not "pull the video." He further contended that the Jericho Whole Foods store did not produce audio recordings of what took place in its store.

18. Defendant Warren responded, in part, by asking the plaintiff to cease contacting him.

19. The plaintiff offered to pay for the retrieval and storage of the videos at his own expense.

20. On December 26, 2017, the plaintiff sent to Defendant Warren written notice, by way of email, not to intentionally destroy evidence.

21. On January 26, 2018, for the first time, Defendant Warren wrote an email to the email to the defendant acknowledging that he had searched for videos. He wrote that he had dated one complaint to early October, but that since the store preserved tapes for only 40 days, the tape had since been destroyed.

22. At the date and time of the trespass notice to the plaintiff on November 9, 2017, the store policy had required the preservation of electronic recordings from early October.

24. In August 2018, the plaintiff filed a complaint with the New York State Division of Human Rights against Defendants Amazon.com, Inc., and Warren in an effort to learn the name of the Jane Doe.

24. At the time of this filing, the plaintiff has still not received a response of any kind to his human rights complaint.

23. Defendant Warren either intentionally or negligently caused delay in responding to the plaintiff's request for information to clear his name.

24. Defendant Warren was on notice of the potential claim as early as November 9, 2018.

25. As a proximate result of Defendant Warren's either negligent or intentional conduct, the plaintiff has been irreparably prejudiced and harmed in his effort to clear his name.

26. Upon information and belief, Defendants Amazon.com, Inc., Whole Foods Markets, Inc., and Warren were inspired by a desire to placate the so-called #MeToo movement by demonstrating a policy of "believing her" without ever providing the targets of damaging allegations a chance to confront the accusations.

27. Defendants Amazon.com, Inc.., Whole Foods Markets, Inc.,and Warren are jointly and severally liable for damages.

28. Defendant Jane Doe knowingly made a false statement of fact regarding the plaintiff as is liable for defamation per se.

WHEREFORE, the plaintiff seeks damages as follows:

A. Emotion distress;

B. Punitive damages;

C. Entry of a default judgment against Defendants Amazon, Whole Foods and Warren for spoliation of evidence;

D. Injunctive relief in the form of an order requiring Whole Foods to lift the trespass notice against the plaintiff;

E. An order requiring Defendant Warren to release the name of the woman referred to in paragraph 12 of the Complaint;

F. Such other relief as this Court deems fair and equitable.

THE PLAINTIFF

BY: _____
Norman A. Pattis, No. NP7995
Pattis & Smith, LLC
383 Orange Street, Front
New Haven, CT  06511
npattis@pattisandsmith.com
V: 203-393-3017
F: 203-393-9745