# PATTIS & SMITH, LLC
**383 ORANGE STREET, FIRST FLOOR**
**NEW HAVEN, CT 06511**
**TELEPHONE 203-393-3017**
**FACSIMILE 203-393-9745**

NORMAN A. PATTIS (npattis@pattisandsmith.com)
KEVIN M. SMITH (ksmith@pattisandsmith.com)
DANIEL L. HEALY (dhealy@pattisandsmith.com)

January 30, 2019

The Honorable Joan Azrack
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza, Room 920
Central Islip, New York 11722

   Re: Solomon v. Amazon, Inc., 2:18-cv-05528-JMA-SIL

Dear Judge Azrack:

  Herewith Mr. Solomon's response to the defendants' letter of December 5, 2018 regarding their intention to file a motion to dismiss.

  For the reasons stated below, Mr. Solomon requests permission to file an amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. He requests a 30-day extension of time to do so.

  Mr. Solomon was served a trespass notice by Whole Foods contending that he had made troubling comments to female customers at a facility in New York. He denies making the comments. When he tried to learn who had made the complaints, and what the complainants actually said, Whole Foods' lawyer refused to disclose the information, eventually permitting certain videotapes to be destroyed. Whole Foods process was summary, depriving him of effective notice and opportunity to be heard.

  In a pro se complaint currently pending before the New York Division of Human Rights, NYDHR 10198177, he has raised claims of public accommodation discrimination and a Title VII claim, contending that the defendants treat complaints by women against men in a discriminatory manner. He also raised his spoliation claim in that forum. The same firm defending the NYDHR matter defends this action.

  Mr. Solomon was unable to raise claims of defamation against the Jane Doe defendants in the human rights forum. He raised them in this forum so as to avoid losing the right to bring them by operation of the statute of limitations. He is prepared, if

necessary, to litigate whether a spoliation claim can withstand a motion to dismiss as pleaded in this case.\

The NYDHR complaint was filed in the summer of 2018, but apparently was not calendared or sent to the respondents until months later. The respondents have thus far failed to disclose the identities of the complainant(s) and have indicated an intention to resist efforts to compel disclosure of the identity of these individuals.

The undersigned believes Mr. Solomon would best be served by removing the NYHDR matter to the federal court by way of seeking a voluntary dismissal and then filing an amended complaint in this forum. To the degree that there is any merit to the defendants' claim that the spoliation claim cannot be litigated as pleaded here, those concerns would become moot. The parties could then focus their energies on the merits of the claims Mr. Solomon seeks to litigate: to wit, his belief that he was defamed, that Whole Foods discriminates against men, and that the defendants deliberately destroyed and/or withheld evidence of their failure to provide him public accommodations as required by state and federal law.

Sincerely,

NORMAN A. PATTIS

cc: Carmen Nicalou
via ECF and email