| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

DAVID SOLOMON,

                Plaintiff,

– against –

AMAZON.COM, INC., et al.

                Defendants.

**MEMORANDUM & ORDER**

18-CV-5528 (ERK) (PK)

KORMAN, *J.*:

    On November 9, 2017, defendant Whole Foods Market, Inc. ("Whole Foods"), banned plaintiff David Solomon from all Whole Foods stores nationwide. Compl. ¶ 8, ECF No. 1. For approximately three weeks following receipt of the "trespass notice" that notified him of the ban, Solomon repeatedly contacted Whole Foods's Global Litigation Counsel, defendant Jay Warren, seeking an explanation of the precise conduct that led to the ban. *Id.* ¶¶ 8–9. On November 29, 2017, Warren explained that the Whole Foods in Jericho, New York, had received multiple complaints from female customers, as well as employees working checkout, regarding Solomon. *Id.* ¶ 10. These complaints were based on "comment[s] about [a female customer's] shoes," "[sitting] at a table near [another female customer] in an area open to the public for dining," and "comments the plaintiff made to [cashiers] while in the checkout line." *Id.*

    Solomon denied making the comments or claimed that they "reflected entirely innocent conduct." *Id.* ¶ 11. During a subsequent conversation, Warren offered additional detail: Defendant Jane Doe "told a representative of Whole Foods that [Solomon] . . . made a comment to her in the Jericho store, to wit: 'I would like to stick my dick in your pussy.'" *Id.* ¶ 12. Warren also told Solomon that "two women complained that [he] had stalked them while on the Whole Food[s]

1

premises." *Id.* Finally, Warren noted that if Solomon could establish that these complaints were unfounded, he would be permitted to patronize Whole Foods again. *Id.* ¶ 14.

On December 1, 2017, Solomon notified Warren that he was considering litigation and, three days later, asked Warren to "preserv[e] . . . in-store videos purported to capture images of [Solomon] in the Jericho store interacting with any of the women who had alleged[ly] complained against him." *Id.* ¶¶ 15-16. Warren initially replied "that he did not know the dates of every complaint, and that he therefore could not 'pull the video,'" and "that the Jericho Whole Foods store did not produce audio recordings of what took place in its store.'" *Id.* ¶ 17. Nevertheless, on January 26, 2018, Warren sent a follow-up email "acknowledging that he had searched for videos . . . but that since the store preserved tapes for only 40 days, the tape had since been destroyed." *Id.* ¶ 21.

The instant suit was filed on October 2, 2018, alleging defamation and spoliation. Defendants Amazon.com, Inc. ("Amazon"), Whole Foods, and Warren moved to dismiss.

## DISCUSSION

### I. Diversity Jurisdiction

The sole basis for subject-matter jurisdiction asserted by Solomon is diversity of the parties. To establish diversity jurisdiction, Solomon must allege that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). He has not done so. Indeed, the Complaint does not allege any amount-in-controversy at all; it merely states that Solomon "seeks damages" for his various claims. Compl. 6. Accordingly, I sua sponte dismiss Solomon's suit for failure to plead the required jurisdictional amount. *See Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (noting that an "action must be dismissed" "[i]f subject matter jurisdiction is lacking," an issue which "may be raised . . . by the court *sua sponte*"). Nevertheless, "the plaintiff may amend the pleading to avoid a dismissal of the

action." Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3702 (4th ed. 2019). Solomon must amend his Complaint within 14 days of this order and provide sufficiently detailed allegations to support the amount-in-controversy requirement. Failure to do so will lead to dismissal with prejudice.

**II.     Motion to Dismiss**

In any event, if I were to entertain the Complaint's allegations on the merits, I would still dismiss. In deciding a motion to dismiss, courts "constru[e] the complaint liberally, accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017) (quoting *Chase Grp. All. LLC v. City of N.Y. Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

   a.  *Spoliation*

Spoliation—whether caused by a non-party to the action, *i.e.*, third-party spoliation, or by the defendant in an action, *i.e.*, first-party spoliation—is not recognized as an independent cause of action in New York. *See Hillman v. Sinha*, 910 N.Y.S.2d 116, 117 (App. Div. 2010); *Wood v. NYU Hosps. Ctr.*, 984 N.Y.S.2d 342, 343 (App. Div. 2014). Accordingly, Solomon's claim for spoliation must be dismissed.

   b.  *Defamation*

Solomon concedes "that his only defamation claims are as to Jane Doe" and does not advance any argument that defendants Amazon, Whole Foods, or Warren defamed him. Opp. 15, ECF No. 22. Accordingly, to the extent the Complaint could be construed to raise a cause of action as to those defendants, those claims are dismissed.

3

As to the defamation claim against Jane Doe, no party has submitted a brief on her behalf. *See* Opening Br. 1, ECF No. 19 (noting that brief is only filed on behalf of Amazon, Whole Foods, and Warren). Even though no defense has been presented by Jane Doe, I may raise a statute of limitations defense *sua sponte*, provided that Solomon receives an opportunity to respond. *Rodriguez v. Mount Vernon Hosp.*, 2011 WL 3163506, at *5 (S.D.N.Y. July 27, 2011) (citing *Abbas v. Dixon*, 480 F.3d 636, 640-42 (2d Cir. 2007)), *R&R adopted*, 2011 WL 3874814 (Sept. 2, 2011). Turning to that issue, "courts have rejected the dismissal of suits against unnamed defendants . . . identified only as 'John Doe's' . . . until the plaintiff has had some opportunity for discovery to learn [their] identities." *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998); *see also Cruz v. City of New York*, 232 F. Supp. 3d 438, 448 (S.D.N.Y. 2017). But, "[w]here a plaintiff names 'John Doe' as a placeholder defendant because he does not know the identity of an individual defendant, he generally is required to replace the placeholder with a named party within the applicable statute of limitations period." *Abreu v. City of New York*, 657 F. Supp. 2d 357, 363 (E.D.N.Y. 2009) (citing *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468-70 (2d Cir. 1995)). "Thus, a plaintiff who 'believes that there exist[] individual defendants who are potentially liable for his injuries, but who does not know their exact identities' and who waits until after the expiration of the limitations period to remedy this lack of knowledge (by naming a specific individual as a defendant), will find his claim to be time-barred." *Id.* (quoting *Malesko v. Corr. Servs. Corp.*, 229 F.3d 374, 383 (2d Cir. 2000), *rev'd on other grounds*, 534 U.S. 61 (2001)) (brackets omitted).

In New York, the statute of limitations for defamation is one year. N.Y. C.P.L.R. § 215(3). Thus, Solomon was required to name an individual defendant no later than December 1, 2018, one year after he first learned of Jane Doe's alleged statements. He did not, so his claim is time-barred. *See Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Moreover, the mere fact that defendants

are allegedly "in possession of . . . material" that would help him identify Jane Doe, Opp. 18, does not distinguish Solomon's case from other cases involving Doe defendants. *See, e.g.*, *D.C. ex rel. Conley v. Copiague Union Free Sch. Dist.*, 2018 WL 2604823, at *3 (E.D.N.Y. June 4, 2018) (dismissing complaint against Doe defendant where "the docket does not reflect nor do Plaintiffs assert that any affirmative steps were taken to attempt to ascertain the identity of Jane Doe 2"). Solomon had access to tools to identify Jane Doe but never used them. Accordingly, even if Solomon could overcome the jurisdictional issue discussed above, he must still explain why his suit should not be dismissed on statute of limitations grounds.

### III. Leave to Amend

Solomon "seeks permission to amend his complaint to add counts of discrimination on account of gender in violation of Title VII of the Civil Rights Act of 1964, and of a denial to his right of access to a place of public accommodation in violation of 42 U.S.C. Section 2000a [Title II]." Opp. 10. Although "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), Solomon's motion to amend his Complaint to include discrimination claims fails "on the ground of futility." *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1198 (2d Cir. 1989); *see also Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006). Neither of his proposed claims under Title VII or Section 2000a would survive a motion to dismiss. *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) ("[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss.").

Title VII prohibits discriminatory employment practices. 42 U.S.C. § 2000e-2(a); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800 (1973) ("The language of Title VII makes plain the purpose of Congress to assure equality of *employment opportunities* . . . ." (emphasis added)). Indeed, "an adverse *employment* action" is required to establish a prima facie case of

5

discrimination under Title VII. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015) (emphasis added). Solomon was never an employee of Whole Foods; the Complaint solely refers to him as a "customer." *See, e.g.*, Compl. ¶ 1. Thus, Title VII is wholly inapplicable, and amendment on that ground would be futile.

Title II prohibits discrimination in the access of "goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). Significantly though, "Title II does not prohibit discrimination on the basis of sex." *Guichardo v. Langston Hughes Queens Library*, 2015 WL 13227995, at *4 (E.D.N.Y. Nov. 20, 2015). The only protected class Solomon puts forth is his gender, so leave to amend on this ground is also denied as he could not state a claim under Title II.

**IV.   Award of Fees and Costs**

Finally, defendants seek an award of costs and fees under 28 U.S.C. § 1927. "[A]n award made under § 1927 must be supported by a finding of bad faith similar to that necessary to invoke the court's inherent power" to award fees or issue sanctions. *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). The inherent power to award costs or fees is limited to cases where a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974), *superseded by statute on other grounds*, 31 U.S.C. § 3905(j). Similarly, the Second Circuit has "declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color and are taken for reasons of harassment or delay or for other improper purposes." *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 344 (2d Cir. 1986) (citations, quotation marks, and brackets omitted).

While many of Solomon's claims are patently frivolous and his attorney failed to do the bare minimum of research required to reveal that that they were legally unsupported, the conduct here does not rise to the level of bad faith. There is insufficient evidence that this litigation was undertaken "for reasons of harassment or delay or for other improper purposes." *Id.* Nevertheless, costs shall "be allowed to the prevailing party" pursuant to Federal Rule of Civil Procedure 54(d)(1). *See Cosgrove v. Sears, Roebuck & Co.*, 191 F.3d 98, 101 (2d Cir. 1999) ("Fed. R. Civ. P. 54(d) grants costs to a prevailing party as a matter of course in the absence of a countervailing statute or rule, unless the trial judge directs otherwise.").

## CONCLUSION

The suit is dismissed for failure to adequately plead the amount-in-controversy. Solomon may amend his Complaint within 14 days of this order to cure the defects identified in this memorandum. If he fails to do so, the Complaint will be dismissed with prejudice. Leave to amend to add claims is denied. Costs, but not attorneys' fees, are awarded to defendants.

                                              **SO ORDERED.**

Brooltyn, New York                          *Edward R. Korman*
June 24, 2019                               Edward R. Korman
                                                 United States District Judge