RR 2/13/2020
RO.

RD 2/13/2020
R.O.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

DAVID SOLOMON,

        Plaintiff,

V.                                      Docket No. : 18-cv-5528 (ERK)(PK)

AMAZON.COM, INC. et al,

        Defendants.                      February 10, 2020

------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 12 2020 ★
BROOKLYN OFFICE

## Plaintiff's Proffered Affidavit of Judge Azrack's Conduct and It's Possible Effect on Rule 26.

1. The facts stated below are within the personal knowledge of affiant and are true and correct to the best knowledge of affiant.

-page 1 of 9-



RECEIVED
FEB 12 2020
PRO SE OFFICE

Case 2:18-cv-05528-ERK-PK   Document 39   Filed 02/12/20   Page 2 of 10 PageID #: 547

2. The purpose of this affidavit is to make a record of the conduct of now recused Judge Azrack which conduct may be related to her unexplained recusal that occurred shortly after the facts stated herein and her recusal's effect on Rule 26 in particular.

3. Under Rule 26 Defendants immediately had a duty to disclose to plaintiff without awaiting a discovery request the information needed to have timely served the two Jane Doe defamers which would have made the pending motion to dismiss unnecessary. Judge Azrack recused herself without explanation and without enforcing Rule 26, any her duties to enforce Rule 26 were passed to the successor Judge Korman who has also not enforced Rule 26. The possible effect of Judge Azrack's conduct in both Judge Azrack and successor Judge Korman not enforcing Rule 26 is the reason for this affidavit.

4. Counsel for the opposing party was present and participated in the

-page 2 of 9-

hearing before Judge Azrack that is recounted in this affidavit. For that reason the opposing party witnessed the facts recounted herein and is not prejudiced by affiant making a record of facts which the opposing party witnessed but of which successor Judge Korman probably is not aware and which facts aren't in this record. Plaintiff hired a court reporter for the hearing that is the subject of this affidavit but the court reporter didn't appear.

5. Rule 26 is entitled "Duty to Disclose". Rule 26's duty requires "a party, without awaiting a discovery request" to disclose the information needed to have timely served the two women defamers. This information which

-page 3 of 9-

defendants had and continue to have a duty to disclose without awaiting a discovery request is now the subject of a pending motion to dismiss this case for failure of plaintiff to perhaps have engaged in pre-litigation discovery and other discovery including to file a motion to compel plaintiff's earlier discovery requests in order to timely serve the two Jane Doe's. Again Rule 26's duty to disclose is a duty to disclose this information without awaiting a discovery request. So under Rule 26 plaintiff had no duty to file the discovery that plaintiff did file. The posture of this case with regard to Rule 26 and Judge Azrack's recusal is of great concern to plaintiff. The two women defamer's false and defamatory 10-15-17 and 10-29-17 emails are the cause of this defamation case. These two hearsay emails falsely accuse plaintiff of the criminal conduct

of following not these two women but of following other countless third party unnamed women and then desciging vulgar sex acts to them in the Jericho Whole Foods store. For some inexplicable reason the 'followed women' reported plaintiff's alleged criminal conduct not to the store but only to these two women six days after the 10-15-17 emailer demanded plaintiff be banned for asking to sit at her table in the open seating area which ban was denied. It seems to plaintiff these lies were concocted to unlawfully obtain the ban that was denied six days before these lies were concocted. Significantly the momentary encounter between plaintiff and the 10-15-17 emailer occurred on October 9, 2017 which is the same day the New Yorker Magazine and the New York Times broke the Harvey Weinstein story. It is plaintiff's good faith belief that the

breaking of the Harvey Weinstein story inspired these women to concoct these disgusting lies. The false criminal accusations in the two emails caused Whole Foods to ban plaintiff from its stores worldwide on 11-9-17 without notice to plaintiff of plaintiff's conduct alleged in these two false emails.  Whole Foods didn't bother to view or to preserve their in-store video to verify these criminal accusations before Whole Foods improperly destroyed it in violation of both their own internal rules, Rule 37(e) and the duty of reasonable care to business invitees.

6. To the best of affiant's recollection the following transpired at the single hearing at which Judge Azrack presided before she shortly thereafter recused herself without explanation.

7. Notably this hearing was held while the jury was deliberating in the

Nassau County Executive Edward Mangano graft trial at which news media packed the courtroom.

8. Another notable fact of this hearing that is reflected in the record is that Judge Azrack made the unusual order to require plaintiff to personally appear at this hearing.

9. Judge Azrack said she didn't have a chance to read the court file and asked plaintiff's counsel to summarize the case. Plaintiff's counsel said plaintiff was defamed with false statements and Whole Foods banned plaintiff based on this defamation.

10. Judge Azrack said this was one of the most frivolous cases she ever heard, didn't yet read the court file but when she did she would impose sanctions and added something like, "plaintiff should shop at Shop-Rite".

11. This affidavit is not intended as a complaint against Judge Azrack. It should be stated that to her credit Judge Azrack promptly recused herself after these comments although there is no indication in the record these comments were in any way related to her recusal.

12. The purpose of this affidavit is to make a record of the above conduct of Judge Azrack for any effect it might have on rulings on issues concerning Rule 26 and any other issues that might be relevant to these important facts that aren't in this record without this affidavit.

13. Plaintiff also respectfully requests an order to the Clerk of Court to email pleadings to plaintiff at aa2@mindspring.com. Plaintiff has filed all the paperwork required for the Clerk to email pleadings to aa2@mindspring.com but the Clerk refuses to do so.

## Certificate of Service

I certify a true and correct copy of the foregoing was furnished by U.S. Mail on this 11th day of February 2020 to Carman Nicholaou, Esq., 81 Main Street, Suite 100, White Plains, NY 10601.

Sworn and subscribed before me this 10th day of February 2020.

*David Solomon*

David Solomon % Pattis and Smith, LLC
383 Orange Street, First Floor
New Haven, Connecticut 06511
203-393-3017
Email: npattis@pattisandsmith.com, aa2@mindspring.com

_____ My Commission Expires: _____

KHRISTINE SHAHIPOUR
Notary Public, State of New York
No. 01SH5016972
Qualified in Nassau County
Commission Expires 2/23/2021

-page 9 of 9-

Sworn to before me on 2/10/20 personally appeared David Lawrence Solomon.



7019 0700 0001 8004 0421

**UNITED STATES POSTAL SERVICE®**

U.S. POSTAGE PAID
PM 1-DAY
ALBERTSON, NY
11507
FEB 10, 20
AMOUNT
**$14.15**
R2304N118423-04

FROM:
DAVID SOLOMON
10 CLUB DRIVE
ROSLYN HEIGHTS, NEW YORK
11577

# PRIORITY® MAIL



- Date of delivery specified*
- USPS TRACKING™ included to many major international destinations.
- Limited international insurance.
- Pick up available.*
- Order supplies online.*
- When used internationally, a customs declaration label may be required.
* Dome~~

TO:
CLERK of COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT of NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK 11201


EP14F Oct 2018
OD: 12 1/2 x 9 1/2
PS00001000014


To schedule free Package Pickup, scan the QR code.
USPS.COM/PICKUP

* Domestic only.  * For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.