UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

DAVID SOLOMON,

      Plaintiff,

V.                           Docket No. : 18-cv-5528(ERK)(PK)

AMAZON.COM, INC. et al,

      Defendants.

--------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 2 6 2020 ★
BROOKLYN OFFICE

May 18, 2020

<u>AFFIDAVIT IN SUPPORT OF REQUEST FOR COURT TO REFER
AMAZON AND AMAZON HEAD LAWYER JAY WARREN FOR FELONY
PROSECUTION FOR VIOLATION OF FEDERAL AND STATE EVIDENCE
TAMPERING STATUTES 18 USC 1519 AND NEW YORK STATE PENAL
LAW SECTION 215.40; AND IN SUPPORT OF RENEWED REQUEST TO
COMPEL INFORMATION NEEDED TO SERVE AND DEPOSE TWO
WOMEN DEFAMERS.</u>

1. The statements in this affidavit are within David Solomon's personal

knowledge and are true and correct to the best of his knowledge.

-page 1 of 16-


RECEIVED
MAY 2 6 2020
PRO SE OFFICE

2. David Solomon only recently learned that the civil law violation for intentional destruction of evidence by adverse parties in prospective litigation has its criminal law counterpart in every legal code and specifically in the federal law as 18 USC 1519 and in New York State Penal Code section 215.40. In light of David Solomon learning of the companion criminal law violations for civil law intentional destruction of evidence by an adverse party in prospective litigation David Solomon requests this Court refer Amazon and Amazon head lawyer Jay Warren for felony prosecution under these laws and renews his request to compel Amazon to produce information needed to serve and depose the two women defamers.

3. Many or most states until recently as continues to be the case in New York State didn't have a separate cause of action for spoliation. But as electronic discovery has become more important in litigation now at least

-page 2 of 16-

two thirds of the 50 states in the United States have specifically updated

their civil law to include an independent civil cause of action for spoliation.

As there is in every criminal code an independent statute for intentional

destruction of evidence by an adverse party in prospective litigation the

facts of this case appear to provide the Court with the ideal fact pattern to

update federal and New York State law to definitively bring civil federal and

civil New York State law on intentional destruction of evidence by an

adverse party in prospective litigation to conform to the companion felony

violation of this identical conduct in the criminal law by providing for an

independent civil cause of action for spoliation in New York State law.

4. The facts and evidence in this case present this unique opportunity for

this Court because the evidence in this case are the 32 emails between

David Solomon and Jay Warren that in essence are David Solomon's

-page 3 of 16-

threats to Jay Warren of default under civil law rule 37(e) and Jay Warren's

unequivocal intentional refusal to preserve Amazon in store video in

knowing and intentional disregard of the repeated threats of default under

rule 37(e).

5.  David Solomon renews and clarifies his previous requests of this

Court to compel the long overdue discovery of the information needed to

serve and depose the two women defamers.  David Solomon clarifies

that is it is irrelevant as a practical matter if the two women defamers are

co-defendants or not.  If against David Solomon's arguments this Court

dismisses the two women defamers as co-defendants that is irrelevant to

the fact that their sworn testimony is essential for this case.  Moreover as

their heavily redacted emails state that their travel industry jobs are

probably insufficient to compensate David Solomon for the damage of their

-page 4 of 16-

defamation per se that means that if they are brought to justice in civil law they will almost certainly declare bankruptcy to wipe out any defamation judgment.

6.  A further clarification regarding the potential dismissal of the two women defamers is that the statute of limitations law under no circumstances requires parties to be served within the statute of limitations.  The statute of limitations is a time limit in which time a lawsuit must be filed. The statutory framework in every legal code then provides for an additional time of usually 120 days in which to serve the named defendants.  Extensions to serve are freely granted as has been the case in this case.

7.  Plaintiff wasn't able to serve the two women defamers within the time provided by the statute because (1) Jay Warren threatened David Solomon

-page 5 of 16-

not to file against Whole Foods because the disgusting accusations would

be widely publicized nationally, (2) this caused David Solomon to delay his

filing with Human Rights by at least a month or two during which time David

Solomon tried without success to have David Solomon be a Joe Doe in the

Human Rights proceeding, (3) these pre-filing correspondence and efforts

of David Solomon caused by Jay Warren's witness tampering efforts

to stop David Solomon from filing may have caused Human

Rights to misplace the complaint filed with them on 8-22-17.  It was not until

David Solomon presented Human Rights with the U.S. Postal Service

signed receipt by Human Rights of his complaint  that Human Rights found

his complaint, (4) Human Rights Regional Director Chungata committed the

same offense against David Solomon for which David Solomon was

seeking redress from Human Rights namely that Director Chungata

-page 6 of 16-

believed the women apparently because they are women complaining of

sexual harassment against a man.  For that reason Director Chungata was

unwilling to provide David Solomon with the constitutional due process that

required the opportunity to depose the two women.  It's reasonable to

conclude if Director Chungata was open to the possibility that the two

women were lying that Director Chungata would have required the two

women to be deposed.  If the two women were deposed in the Human

Rights proceeding it is very probable that  this case would have been

resolved in David Solomon's favor by Human Rights.  The roadblock in this

case is the judicial system has not compelled the sworn statements

of the two women defamers, (5)  With all due respect to Judge Azrack and

Judge Korman it is reasonable to conclude that if Judge Azrack and Judge

Korman considered that the two women may be lying that both Judge

-page 7 of 16-

Azrack and Judge Korman would have compelled production of the

information to serve and depose the two women defamers even

without discovery under rule 26 and/or compelled the long outstanding

discovery demanding the information needed to serve and depose the two

women defamers, (6) Defendants' improper withholding in the Human

Rights and this federal proceeding of information needed to serve and

depose the two women defamers under the totally inappropriate pleading of

qualified privilege and (7) plaintiff's counsel Norm Pattis' inadvertent

phrasing of the motion for extension to serve the two women defamers as a

straight 90 day extension of time rather than the phrasing requested by

David Solomon of an extension of 120 days from production by Amazon of

the information needed to serve and depose the two women defamers.

8.  It is unlikely this is the only time these two women defamers have

-page 8 of 16-

engaged in defamation against men for ulterior purposes.  In support of this

statement is the earlier cited famous case of Gemma Beale who made

false rape complaints against at least 15 unrelated men over the course of

years that resulted in trials convicting and imprisoning these men, one

for over three years, or causing these men to flee the country before being

served.  Only when another woman who was Gemma Beale's lesbian

girlfriend told the police that Gemma Beale lied to make her

lesbian girlfriend jealous did the police and courts re-investigate this matter

causing Gemma Beale to be jailed for over ten years for perjury and all the

convicted men to be freed and exhonorated.  The court in sentencing

Gemma Beale excused the justice system's earlier mistaken convictions of

innocent men by stating that Gemma Beale is a 'convincing liar'.  The two

women defamers in our case alleged that David Solomon committed

-page 9 of 16-

criminal conduct against third party women and not the two women

defamers directly.  For this reason if the two women defamers are ever

sworn they will be unable to name these non-existent third party women

and must therefore readily admit to their lies.

9.  Amazon.com, Inc. is a corporation.  Corporations can be directly

criminally prosecuted for felonies for the felonious acts of their authorized

agents that are at least in part in furtherance of corporate objectives and

are within the scope of the authority of that agent.

10.  Jay Warren is the head lawyer of Amazon wholly owned subsidiary

Whole Foods and his intentional decision to refuse to preserve in store

video demanded by David Solomon for prospective litigation under threat of

default under Federal Rules of Civil Procedure Rule 37(e) was an

intentional act done at least in part in furtherance of Amazon objectives of

-page 10 of 16-

banning David Solomon from Amazon properties worldwide. It was within

the scope of Jay Warren's authority to intentionally refuse to take

appropriate steps to preserve the in store video that in the normal course of

business is destroyed in forty days.

11. Both Judge Azrack and Judge Korman have not compelled plaintiff's

legitimate discovery requests for the information needed to serve and

depose the two women defamers whose defamation per se is the cause of

this litigation. Judge Azrack ordered the personal appearance of totally

innocent victim David Solomon to personally berate him after which Judge

Azrack recused herself presumably for these comments. Judge Korman

pleaded on behalf of the two unserved women defamers their affirmative

defense which is waived if not pleaded of the defense of the statute of

limitations. The reason the two women defamers have not been sworn is

-page 11 of 16-

wholly because both Human Rights and this Court have not compelled

Amazon to produce the information needed to swear the two women

defamers which is not available to plaintiff from any other source. It is

irrelevant for purposes of compelling discovery of information needed to

serve and depose the two women defamers that they be defendants.

There is no gray area here. Amazon and Jay Warren are intentional

felons. They are not convicted felons but their intentional refusal to

preserve evidence demanded for prospective litigation is an intentional

felony. The felony is more serious because it was done by the head lawyer

of Amazon's wholly owned subsidiary. The two women defamers are

malicious intentional tortfeasors. David Solomon is a totally innocent victim

of Amazon, Jay Warren and the two women defamers.

12. Amazon and Jay Warren as an authorized agent of Amazon committed

-page 12 of 16-

a felony against David Solomon by Jay Warren's intentional refusal to

preserve Amazon in store video demanded by David Solomon for

prospective litigation under threat of civil default under Rule 37(e).

Incontrovertible evidence of this fact are the 32 emails exchanged between

David Solomon and Jay Warren from 11-29-17 to 3-22-18 in which David

Solomon demands Amazon in store video be preserved for prospective

litigation and Jay Warren intentionally refuses to preserve Amazon in store

video.

13.  The two women defamers have escaped justice and punishment

for their defamation per se.  It appears they will permanently escape justice

and punishment for their defamation per se.  It is irrelevant whether the

two women defamers are defendants for this Court to compel Amazon to

produce the information plaintiff needs to serve and depose the two women

-page 13 of 16-

defamers.

14.  This Court has pleaded the affirmative defense of the statute of

limitations for the two women defamer wrongdoers.   It therefore seems

appropriate to respectfully request this Honorable Court to refer both

Amazon and Jay Warren for felony prosecution for violation of federal and

state evidence tampering statutes.

15.  Plaintiff David Solomon has made a criminal complaint against Jay

Warren for witness tampering for Jay Warren's threats that David Solomon

should not file suit against Whole Foods.  No action has been taken by

the U.S. Attorney.   It seems more likely Amazon and Jay Warren will not

escape justice and punishment for their felony conduct if this Honorable

Court rather than David Solomon refers Amazon and Jay Warren for felony

prosecution of federal and state evidence tampering statutes.

-page 14 of 16-

16.  There are separate civil and criminal companion laws that apply to the same conduct.  For example in civil law there are wrongful death statutes and in criminal law there are murder statutes.  David Solomon only recently learned that the civil law rule 37(e) default for intentional destruction of evidence demanded to be preserved by the adverse party in prospective litigation has its criminal law federal and criminal law state counterparts in 18 U.S.C. 1519 and New York State Penal Law Section 215.40.

### Certificate of Service

I certify a copy of the foregoing was mailed on May 18, 2020 to Carmen Nicolaou, Esq, 81 Main Street, Suite 100, White Plains, New York 10601.

### Oath

I affirm under penalty of perjury the foregoing statements are within my personal knowledge and are true and correct to the best of my knowledge.

-page 15 of 16-

Sworn and subscribed before me this 18th day of May 2020.

Submitted by: _____

David Solomon, Plaintiff 424-245-5710

Email: aa2@mindspring.com

10 Club Drive, Roslyn Heights, New York 11577

_____ My Commission Expires: 09. 29. 2023

Notary Public                                                    Notary Stamp

-page 16 of 16-

> YAN KALANDAROV
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 01KA6390977
> Qualified in Queens County
> My Commission Expires: _____



7019 2280 0002 3084 0730

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL




U.S. POSTAGE PAID
PM 1-Day
ALBERTSON, NY
11507
MAY 18, 20
AMOUNT
**$14.15**
R2304E105309-12

1006    11201

■ POSTAL SERVICE®

# PRIORITY® MAIL



This envelope is made from post-consumer waste. Please recycle - again.

■ Date of delivery specified*
■ USPS TRACKING™ included to many major international destinations.
■ Limited international insurance.
■ Pick up available.*
■ Order supplies online.*
■ When used internationally, a customs declaration label may be required.

* Domestic only



**FROM:**
DAVID SOLOMON
10 CLUB DRIVE
ROSLYN HEIGHTS, NEW YORK
11577

**TO:**
CLERK of COURT
U.S. DISTRICT COURT
EASTERN DISTRICT of NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK 11201

To schedule free Package Pickup, scan the QR code.







EP14F Oct 2018

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; October 2018; All rights reserved.



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE



**TRACKED***

★ ★ ★

**INSURED***

★

# PRIORITY® MAIL

## FLAT RATE ENVELOPE
ONE RATE ★ ANY WEIGHT*



EP14F Oct 2018

**VISIT US AT USPS.COM®**