| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | <u>NOT FOR PUBLICATION</u> |
| DAVID SOLOMON,<br><br>        Plaintiff,<br><br> – against –<br><br>AMAZON.COM, INC., et al.<br><br>        Defendants. | <u>**MEMORANDUM & ORDER**</u><br><br>18-CV-5528 (ERK) (PK) |

KORMAN, *J*.:

  On November 9, 2017, defendant Whole Foods Market, Inc. served plaintiff David Solomon with a "trespass notice" banning him from all Whole Foods stores nationwide. Am. Compl. ¶ 8, ECF No. 28. Over the following three weeks, Solomon repeatedly contacted Whole Foods's Global Litigation Counsel, defendant Jay Warren, seeking an explanation of the precise conduct that led to the ban. *Id.* at ¶¶ 8–9. On or about December 1, 2017, Warren explained that the Whole Foods in Jericho, New York, had received multiple complaints from female customers regarding Solomon. *Id.* at ¶ 12. One woman complained that Solomon had made a graphic sexual comment toward her, while two others complained that Solomon had stalked them on Whole Foods' premises. *Id*. Solomon denied making the comments or claimed that they "reflected entirely innocent conduct." *Id.* at ¶ 11. Warren noted that if Solomon could establish that these complaints were unfounded, he would be permitted to patronize Whole Foods again. *Id.* at ¶ 14.

  On December 1, 2017, Solomon notified Warren by email that he was considering litigation and, three days later, asked Warren to "preserv[e] . . . in-store videos purported to capture images of [Solomon] in the Jericho store interacting with any of the women who had alleged[ly] complained against him." *Id.* at ¶¶ 15-16. Warren initially replied "that he did not know the dates of every complaint, and that he therefore could not 'pull the video,'" and "that the Jericho Whole

1

Foods store did not produce audio recordings of what took place in its store.'" *Id.* at ¶ 17. Nevertheless, on January 26, 2018, Warren sent a follow-up email "acknowledging that he had searched for videos . . . but that since the store preserved tapes for only 40 days, the tape had since been destroyed." *Id.* at ¶ 21.

The instant suit was filed on October 2, 2018, alleging defamation and spoliation. On June 24, 2019, I sua sponte dismissed Solomon's suit for failure to plead the required jurisdictional amount in controversy. *Solomon v. Amazon.com, Inc.*, 2019 WL 2601794, at *1 (E.D.N.Y. June 24, 2019). I also observed that "many of Solomon's claims are patently frivolous and his attorney failed to do the bare minimum of research required to reveal that they were legally unsupported." *Id*. at *3.

On August 8, 2019, Solomon's counsel filed an Amended Complaint alleging unlawful discrimination under New York Executive Law, Article 15, Human Rights Law ("NYSHRL"); defamation; and spoliation. ECF No. 28. On August 13, Solomon proffered a pro se sworn statement alleging that the causes of actions and facts alleged by his attorney in the Amended Complaint are "wrong" and "are not what was agreed" in their letter of engagement. ECF No. 31 at 2. Solomon's counsel thereafter moved for permission to file a second amended complaint. Defendants Amazon.com, Inc., Whole Foods, and Warren move to dismiss the Amended Complaint with prejudice.

## DISCUSSION

### I. Motion to Dismiss

#### a. NYSHRL Claim

Solomon's claim under the NYSHRL is foreclosed by the election of remedies doctrine. The NYSHRL provides that a person complaining of discrimination has a cause of action "in any court of appropriate jurisdiction for damages . . . and such other remedies as may be appropriate, .

. . *unless* such person had filed a complaint" with, inter alia, "any local commission on human rights." N.Y. Exec. L. § 297(9) (emphasis added). This election of remedies provision applies to a NYSHRL claim sought to be pursued in federal court. *Borum v. Vill. of Hempstead*, 590 F. Supp. 2d 376, 382–83 (E.D.N.Y. 2008) (citing *Whidbee v. Garzarelli Food Specialties*, Inc., 223 F.3d 62, 75 (2d Cir. 2000)). Where a plaintiff has previously filed a claim with the New York State Division of Human Rights, this court lacks subject matter jurisdiction over NYSHRL claims arising out of the same incident and so must dismiss the complaint. *See Desardouin v. City of Rochester*, 708 F.3d 102, 106 (2d Cir. 2013); *Moodie v. Federal Reserve Bank*, 58 F.3d 879, 882 (2d Cir. 1995).

In August 2018, Solomon filed an administrative complaint with the New York State Division of Human Rights alleging the same NYSHRL claim he now alleges here. *See* Am. Compl. ¶ 24. Indeed, contrary to the allegation in the Amended Complaint that "[a]t the time of this filing [August 8, 2019], the plaintiff has still not received a response of any kind" to his administrative complaint," *id.*, the New York State Division of Human Rights conducted an investigation and dismissed Solomon's complaint on the merits on February 25, 2019. Decl. of Carmen A. Nicolauo, Ex. D – NYS Division of Human Rights Determination & Order, ECF No. 37; *see Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."). Because Solomon has elected to pursue his NYSHRL claim through administrative proceedings before the Division of Human Rights, this court lacks subject matter jurisdiction over Solomon's NYSHRL claim. *See, e.g.*, *McDonald v. City of New York*, 786 F. Supp. 2d 588, 616 (E.D.N.Y. 2011).

Solomon's argument that the agency's conduct and procedures were "grossly unfair" and "reflective of a kangaroo court" does not alter this conclusion. Pl.'s Mem. 12–16, ECF No. 37-3.

3

If Solomon was unsatisfied with the Division's process or determination, his remedy lay only in an appeal to the New York State Supreme Court. *See* N.Y. Exec. Law §298. But Solomon "failed to appeal the adverse ruling" of the Division, and "instead attempt[s] to relitigate [his] claims in the United States District Court, in contravention of the statutory and code schemes detailed above." *York v. Assoc. of Bar. Of City of New York*, 286 F.3d 122, 127 (2d Cir. 2002); *see, e.g.*, *Garcia v. Yonkers Bd. Of Educ.*, 188 F. Supp. 3d 353, 365 (S.D.N.Y. 2016); *Springer v. City of New York*, 2006 WL 526028, at *9 (E.D.N.Y. Mar. 3, 2006).

Solomon's NYSHRL claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

      b. Defamation

In my June 24, 2019 order, I dismissed Solomon's defamation claims against defendants Amazon, Whole Foods, and Warren, noting that Solomon conceded "that his only defamation claims are as to Jane Doe." *Solomon*, 2019 WL 2601794, at *2. Though Solomon now reasserts his defamation claims against these defendants, Am. Compl. ¶ 1, he alleges no new facts and offers no argument in support of those claims. Accordingly, those claims are dismissed.

As to the defamation claim against Jane Doe, though no party had submitted a brief on her behalf, I sua sponte held this claim was barred under the applicable statute of limitations in my June 24, 2019 order. *Solomon*, 2019 WL 2601794, at *2. Solomon failed to name an individual defendant in place of "Jane Doe" within one year of when he first learned of the alleged statements. *Id*. (citing N.Y. C.P.L.R. § 215(3); *Hogan v. Fischer*, 738 F.3d 509. 518 (2d Cir. 2013)). I noted that "Solomon had access to tools to identify Jane Doe but never used them." *Id*.

Solomon has not cured this defect in his Amended Complaint. Though Solomon now alleges that he filed an administrative complaint with the Division of Human Rights before the limitations period expired "in an effort to learn the name of Jane Doe," he does not allege that the Division ever directed the defendants to disclose the identity of Jane Doe. Am. Compl. ¶ 24; *see*

4

NYSDHR Decision 2. Solomon "had an ample opportunity to make full use of the discovery devices set forth in the Federal Rules of Civil Procedure as well as any other alternative means in order to ferret out Jane Doe[]'s identity," but nevertheless failed to do so. *D.C. ex rel. Conley v. Copiague Union Free Sch. Dist.*, 2018 WL 2604823. At *3 (E.D.N.Y. June 4, 2018).

    c. Spoliation

I dismissed Solomon's spoliation claim in my June 24, 2019 order. Solomon "does not dispute the cause of action for spoliation has been resolved already," and explains in his briefing that the inclusion of this claim in the Amended Complaint was the result of a "drafting mistake." Pl.'s Mem. 18.

    **II.**    **Motion for Permission to File Second Amended Complaint**

Though Solomon's Amended Complaint fails to cure the defects of his initial complaint, and despite my denial of leave to amend to add claims, *see Solomon*, 2019 WL 2601794, at *4, Solomon now moves for permission to file a second amended complaint alleging (1) violation of the NYSHLR, (2) defamation against Jane Doe, (3) discrimination on the basis of religion in violation of Title II of the Civil Rights Act of 1964, (4) breach of duty to a business invitee to avoid foreseeable harm due to the failure to preserve in-store video evidence, and (5) criminal intimidation of Solomon to prevent him from turning to the courts for relief. Pl.'s Proposed Second Am. Compl. ¶ 1, ECF No. 37-1.

Although "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), Solomon's motion to file a second amended complaint fails "on the ground of futility." *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1198 (2d Cir. 1989); *see also Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006). None of his proposed claims would survive a motion to dismiss. *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of*

5

*Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) ("[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss.").

The NYSHLR and defamation claims fail for the reasons stated above. Solomon's counsel also concedes in his briefing that Solomon cannot plead a cause of action for intimidation. Pl.'s Mem. 11. Solomon's Title II claim fails because his allegation that defendants discriminated against him because of his religion is entirely conclusory. Solomon alleges only that "[u]pon the death of [his] mother, and in keeping with Jewish tradition, [he] neither shaved nor cut his hair as acts of mourning" and thus "appeared unkempt." Proposed Second Am. Compl. ¶ 13. He alleges no other facts to support an inference that the defendants even knew about his religious beliefs, let alone that they intentionally discriminated against him based on his religion. *See, e.g.*, *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995).

Solomon also seeks to add a claim that defendants committed a "grossly negligent and reckless breach of the duty to business invitees to avoid foreseeable harm due to the named defendants' failure to preserve their in-store video evidence," review the video, "take fair and equal investigative actions," and "to otherwise treat the plaintiff with the same dignity and respect with which it treated his anonymous accuser" before issuing Solomon a trespass letter. Proposed Second Am. Compl. ¶ 1. Simply put, no such legal duty exists. Solomon cites no authority to support his argument that "reasonable care under the circumstances" required the defendants to take such actions. *Basso v. Miller*, 40 N.Y.2d 233, 241 (1976).

Solomon's motion for permission to file a second amended complaint is denied.

## CONCLUSION

The Amended Complaint is dismissed with prejudice. Solomon's motion for permission to file a second amended complaint is denied.

                                                            **SO ORDERED.**

Brooklyn, New York                                *Edward R. Korman*
May 30, 2020                                          Edward R. Korman
                                                                        United States District Judge